## In the Matter of Jeanne B. BLUMENTHAL.

### No. 64S00–0410–DI–466.

Supreme Court of Indiana.

April 12, 2005.

### ORDER APPROVING CONSENT TO DISCIPLINE AND IMPOSING SUSPENSION

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Respondent, a sole practitioner, represented a defense client in a personal injury case. Respondent requested that plaintiff sign medical release forms for all of his medical records from the preceding ten years. Plaintiff signed release forms for ten of his physicians. In examining the released records, respondent learned that she did not have release forms for additional unnamed treating physicians. Respondent instructed her paralegal to alter one of the release forms plaintiff had signed by adding the name of an unnamed physician, and to alter the execution date of the document, which had expired some months before.

Respondent sent the altered release to the physician without identifying herself as an adverse party involved in litigation with the physician's patient. The altered form resulted in respondent learning of a relevant preexisting condition that would have been discoverable through authorized discovery procedures. Respondent shared this information with plaintiff's counsel on the day respondent received the information, which also happened to be the day the matter was set for mediation. The matter settled during the mediation.

**Violations:** Respondent violated Indiana Professional Conduct Rules:

4.3 Acting in a manner such that an unrepresented person might misunderstand the lawyer's role in the matter, by soliciting patient medical records from plaintiff's doctor using an altered consent form and without identifying herself as counsel adverse to the doctor's patient.

4.4 Using methods of obtaining evidence that violate the legal rights of another, by altering a consent form to obtain an opposing party's medical records, and without providing prior notice to opposing counsel, thereby depriving the opposing party of the opportunity to object.

8.4(c) Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, by obtaining the medical records of an opposing party in litigation without providing notice to opposing counsel and by altering a previously executed consent form with the intent to mislead a third party into believing that plaintiff had provided consent to their being disclosed.

**Discipline:** Thirty (30) days suspension from the practice of law, effective May 1, 2005, with automatic reinstatement to the practice of law thereafter.

All justices concur.